WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda U. Ajuluchuku, an individual, ) | No. CIV-05-1308-PHX-SRB |
| Plaintiff, ) | **OPINION AND ORDER** |
| vs. ) | |
| U-Haul International, Inc., ) | |
| Defendant. ) | |

The events giving rise to this lawsuit involve Defendant U-Haul International, Inc.'s allegedly poor treatment of one its customers, Plaintiff Amanda U. Ajuluchuku, a woman who rented two U-Haul storage lockers. At issue is Defendant's Motion to Dismiss (Doc. 12). For the reasons that follow, that motion is granted.

**I.    BACKGROUND**[1]

There are two storage lockers at issue, one in Bedford, Massachusetts (the "Bedford Locker"), the other in Seattle, Washington (the "Seattle Locker"). Plaintiff rented the Bedford Locker in November 2003, and used her credit card to pay the monthly rental fee. About two months later, Plaintiff returned to the site of the Bedford Locker, but was refused entry by a U-Haul employee who informed Plaintiff that the rent on the Locker had not been

---

[1] All factual allegations referenced in this Order are drawn exclusively from the Complaint, and, for purposes of this Order, are presumed to be true.

1  paid. Plaintiff became frustrated, as she had been informed by the same U-Haul employee
2  about one month earlier that the rent had in fact been paid through April 2004. Nevertheless,
3  Plaintiff paid an additional $54, and was given permission to remove items from the Locker.
4  The Complaint contains no other allegations concerning her treatment vis-à-vis the Bedford
5  Locker.

6  After extracting certain personal items from the Bedford Locker, Plaintiff moved to
7  Washington, whereupon she rented a second U-Haul storage locker. Three weeks after
8  renting the Seattle Locker, Plaintiff, when she attempted to retrieve some belongings from
9  that locker, was informed by the manager of the site that she could not retrieve those items,
10 unless she left her identification with him. In particular, Plaintiff alleges that she was told,
11 "*I will evict you if you do not leave your ID with me*." (Compl. ¶ 12) (emphasis in original).

12 Several weeks later, Plaintiff returned to the site to retrieve more personal items but
13 was refused entry by a U-Haul employee, who informed her that he had already closed "the
14 gate." The employee then told her that she could take the stairs, a method of entry
15 unavailable to Plaintiff due to her "disability." After a second U-Haul employee refused to
16 open the gate, Plaintiff called the Seattle Police Department, but apparently this phone call
17 did not cause the gate to be opened. Plaintiff "began to dehydrate," (Compl. ¶ 18) and an
18 ambulance was called.[2] Plaintiff refused treatment, and the gate was opened after the
19 ambulance departed. Plaintiff was forced to wait "more than one hour" for the gate to be
20 opened. (Compl. ¶ 18.)

21 Another "discriminatory practice" allegedly occurred on June 25, 2004, but the
22 Complaint contains no further detail, other than to say that "both the Police and the
23 Ambulance helped me haul out the rest of my belongings." (Compl. ¶ 19.)

24 This is the fourth lawsuit that Plaintiff has filed concerning the above-described
25 events. The first, filed in a Washington state court and removed to the United States District

---

[2] It is not clear from the Complaint whether Plaintiff or someone from U-Haul called the ambulance.

- 2 -

1 Court for the Western District of Washington, was dismissed because Plaintiff sought
2 monetary damages, despite suing under statutory provisions of the Civil Rights Act of 1964
3 and the Americans with Disabilities Act ("ADA") which do not allow monetary damages.
4 The second action, filed in the United States District Court for the Western District of
5 Washington, added various state law claims, but was again dismissed, as Plaintiff failed to
6 make the requisite showing for an injunction, and the state law causes of action failed to state
7 a claim under Federal Rule of Civil Procedure 12(b)(6). The third action, also filed in the
8 Western District of Washington, was dismissed after the court revoked, pursuant to 28 U.S.C.
9 § 1915(e)(2)(A) and (B)(ii), Plaintiff's leave to proceed *in forma pauperis*, as the court
10 doubted Plaintiff's indigent status and felt that her complaint suffered from the same
11 deficiencies as the one that had been dismissed with prejudice in the prior action.

12 Plaintiff filed the fourth complaint concerning her allegedly unlawful treatment at the
13 hands of Defendant in this Court on May 2, 2005. This Complaint, which appears
14 substantively identical to those that preceded it,[3] once again alleges violations of the ADA,
15 42 U.S.C. § 12182, *et seq.*, and the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. The
16 Complaint also alleges that Defendant committed the torts of false imprisonment and "Mental
17 or Emotional Distress." Plaintiff seeks compensatory and punitive damages, reasoning that
18 "since the torts did occur, you [the Court] must concur."[4] (Compl. at 5.) Defendant filed the
19 instant Motion to Dismiss on August 12, 2005, claiming that this action is barred by
20 principles of claim preclusion, and that the Complaint fails to state a claim.

---

[3] The only real difference the Court can discern is that while the first three complaints named "U-Haul Co. of Washington" as the defendant, the present Complaint names "U-Haul International, Inc."

[4] The amount of damages that Plaintiff has sought has increased dramatically in each successive lawsuit. The first suit demanded six million dollars; the second, six hundred million dollars; and the third, one billion dollars. This lawsuit demands "$1,000,000,000,000,000 (One trillion)." The reason for these precipitous increases is not immediately apparent, as the factual allegations in each complaint have remained essentially the same.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Claim Preclusion

"The doctrine of claim preclusion (res judicata) provides that a final judgment on the merits bars a subsequent action between the same parties *or their privies* over the same cause of action." *In re Imperial Corp. of Am.,* 92 F.3d 1503, 1506 (9th Cir. 1996) (citations omitted) (emphasis added); *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir. 1988) (quotations omitted). As the defendant in the present action (U-Haul International, Inc.) is different from the defendant in the former action (U-Haul of Washington), the threshold question is whether the two defendants can be considered, for purposes of claim preclusion, to be in privity with one another.

The only fact that the Court has before it concerning the relationship between the two defendants comes by way of a footnote in Defendant's brief: "Plaintiff has now sued the wrong party. . . . She has now sued [U-Haul of Washington's] parent company, U-Haul International, Inc. The fact that plaintiff has sued the wrong company does not save her claims, which have already been found to be fatally defective." (Def.'s Mot. to Dismiss at 7 n.2.) This bare assertion in Defendant's brief does not qualify as evidence. *Smith v. Mack Trucks, Inc.,* 505 F.2d 1248, 1249 (9th Cir. 1974) (noting that statements contained in legal memoranda are not evidence).

Because the Court has no evidence before it concerning the relationship between U-Haul International, Inc. and U-Haul of Washington, Defendant cannot rely on the rule that, for purposes of claim preclusion, a parent corporation is generally considered to be in privity with its wholly-owned subsidiary. *See In re Imperial Corp. of Am.,* 92 F.3d at 1505-08.

### B. Failure to State a Claim

While Defendant cannot rely on the principles of claim preclusion to bring about the dismissal of this action, Defendant can rely on the fact that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The first three district court judges to dismiss Plaintiff's claims' explained to Plaintiff why her claims were legally deficient. This Court has reviewed those orders, and agrees with them entirely: Plaintiff has not

pleaded sufficient facts to support her claims under Rule 12(b)(6).  The Complaint is dismissed.

**IT IS ORDERED** granting Defendant's motion to dismiss (Doc. 12).  The Complaint is dismissed with prejudice.

DATED this 21st day of October, 2005.

_____
Susan R. Bolton
United States District Judge

- 5 -